IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR. No.05-047S
)
ANTHONY GOBBI )

**MEMORANDUM REGARDING JENCKS ACT AND FBI "302"**

The issue before the Court is whether an FBI "302" summarizing what a witness told an agent falls within the Jencks Act. There is no dispute regarding the government's obligations to turn over Brady and Giglio material. Rather the issue is whether a 302 which does not fall within the ambit of those two cases, must be turned over to the other party.

18 U.S.C. § 3500(b) requires the government, after a witness testifies, to turn over any statement of a witness in possession of the government which relates to the subject matter of the witness's testimony.

The term "statement" is defined in § 3500(e). It means:

1. a written statement made by the witness and signed or adopted or approved by him;
2. a stenographic or mechanical recording or transcription which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of that statement;

3. grand jury testimony.

An FBI 302 almost always, and certainly in this case, involves an agent taking notes of a witness's interview and then dictating the 302 thereafter. It is neither substantially verbatim nor are the notes or the 302 shown to the witness for his adoption or approval.

There are two leading First Circuit cases on the issue. In one, Chief Judge Torres denied a defendant's request to order the government to turn over to the defense an FBI agent's notes he had taken while interviewing the government's key witness. United States v. Newton, 891 F.2d 944, 953 (1st Cir. 1989). Chief Judge Torres found that the notes were not adopted by the witness and denied the defense request. The Court of Appeals agreed even after the defense changed its objection on appeal as to whether the notes were "substantially verbatim." It held that the intent of the Jencks Act was to require production of the witness's own words - fully and without distortion. Id. at 954.

Five years later the First Circuit revisited the issue. While reaffirming the premise that Congress intended to limit the Jencks Act to a "witness's own words," it held that where there is evidence in the record that an agent was taking notes as the witnesses were making the statements, a court should, upon request of defendant, hold a hearing to determine if the 302 is a

"substantially verbatim" statement of a witness. United States v. Neal, 36 F.3d 1190, 1198-1199 and FN 6 (1st Cir. 1994).

Subsequent to Neal, the First Circuit again upheld the denial of a defense request for an agent's notes taken during an interview on the grounds that there was no evidence that the witness adopted those notes. United States v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998).

Reconciliation of these cases may be found in Palmero v. United States, 360 U.S. 343 (1959) cited in United States v. Foley, 871 F.2d 235 (1st Cir. 1989). In Palmero, the Supreme Court held:

> It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment. It was important that the statement could fairly be deemed to reflect fully and without distortion what had been said to the government agent.

Palmero at 352. The Court went on to state that in doubtful cases, the trial judge should examine the statement in camera and then decide, in light of the circumstances of the case, whether any extrinsic evidence may or must be offered to prove the nature of the statement. Id. at 354. Accord Goldberg v. United States, 425 U.S. 94, 108 (1976); United States v. Bennett, 75 F.3d 40, 47 (1st Cir. 1996).

Based on the above, the government respectfully submits that absent some evidence that the prospective witness adopted the FBI

302 or that it is "substantially verbatim, defendant's request, if he makes one, should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey

JAMES H. LEAVEY
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 30th day of September, 2005, I served by first class mail, postage prepaid, a copy of the within Memorandum Regarding Jencks Act and FBI "302", to the following:

John F. Cicilline, Esquire
Cicilline Law Offices
387 Atwells Avenue
Providence, RI 02909