**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V. CR NO.: 05-047S**

**ANTHONY GOBBI**

**MOTION FOR PRODUCTION**

Now comes the Defendant, Anthony Gobbi, pursuant to 18 U.S.C. 3500, and moves for the production of the statements of the witnesses Brian King and Christopher Chapman.

Respectfully submitted,
Anthony Gobbi,
By his Attorney,

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600

**CERTIFICATION**

I, the undersign hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 4th day of October, 2005..

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. CR NO.: 05-047S

ANTHONY GOBBI

# MEMORANDUM IN SUPPORT OF MOTION FOR PRODUCTION

The Jencks Act, (18 U.S.C. 3500), establishes procedures whereby a criminal defendant may exercise his limited right to obtain previous statements made by government witnesses that are in the possession of the United States to be used for impeachment purposes. United States v. Blais, 98 F.3d 647 (1st Cir. 1996); United States v. Neal, 36 F.3d 1190 (1st Cir. 1994). It does not conclusively exclude statements because they are neither signed or otherwise adopted or approved. Campbell v. United States, 296 F.2d 527 (1st Cir. 1961). It may be on oral statement given by a witness which has been taken down contemporaneously by someone else which produces a substantially verbatim recital. id 530.

The "substantially verbatim" language from the act was intended to guard against the practice of a defense lawyer using a statement "which could not fairly be said to be the witnesses' own, rather than the product of the

investigators selections interpretations and interpolations". Palermo v. United States, 360 U.S. 343 (1958). The standard, however, does not call for "delusive exactness" id 353, to make it substantially verbatim.

In United States v. Marrero-Ortiz, 160 F.3d 768 (1st Cir. 1998), cited by the government, the court defined a statement as one "made by the witness and signed or otherwise adopted or approved by her." id. That decision, however, only concerned itself with an (e) (1) request and not one made pursuant to (e) (2).

This court cannot decide the issue without an examination of the transcripts and without a determination as to whether either of these statements provide impeachment or Brady material.

The question of how a trial judge should answer the question of whether the former statement was a substantial recital, was addressed in Palermo. There the Court said:

> However when it is doubtful whether the production of a particular statement is compelled by the statute we approve the practice of having the government submit the statement to the trial court for an in camera determination.

In United State v. Sorrentino, 726 F.2d 876 (1st Cir. 1986) the defendant moved for the production of the report of an IRS agent who testified at trial. The trial court denied the request, without reviewing the report and the Circuit reversed, and held that District Court review was required.

Similarly in United States v. Foley, 871 F.2d 235 (1st Cir. 1989) the court pointed out that the Supreme Court had reiterated the procedure for deciding the issue in Goldberg v. United States, 425 U.S 94 (1976), which required the District Court to review the 302's in camera. See also United States v. Strahl, 590 F.2d 10 (1st Cir.) cert. denied, 440 U.S. 918 (1979).

The government suggests that the Courts decision in United States v. Newton, 891 F.2d 946(1st Cir. 1989) precludes the defendant access to the statements from these two witnesses. That case was decided on the narrow grounds that the appellant had failed to move for the production of the statements and because there was no record testimony that indicated that the agents were recording the exact words of the witness. Moreover, in United States v. Neal, 36 F.3d 1190 (1st Cir. 1994) the Court remanded the case because the District Court had not conducted an evidentiary hearing to examine the statement. See also United States v. Rosario-Peralta, 175 F.3d 48 (1st Cir. 1999).

The District Court should order disclosure or conduct an in camera review.

Respectfully submitted
Anthony Gobbi
By his Attorney

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office: 401.273.5600
Fax: 401.454.5600

**CERTIFICATION**

I, the undersign hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 4th day of October, 2005.

Raquel Gil