**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **CR NO.: 05-047 S**

**ANTHONY GOBBI**

# MOTION FOR A NEW TRIAL

Now comes the Defendant in the above-entitled cause pursuant to Rule 33 of the Federal Rules of Criminal Procedure and moves for a new trial on counts 1 and 2 of the indictment and for reason says that it is required in the interest of justice.

Respectfully submitted,
Anthony Gobbi,
By his Attorney,

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600

## CERTIFICATION

I, the undersigned hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 19 day of October, 2005.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **CR NO.: 05-047 S**

**ANTHONY GOBBI**

**MEMORANDUM IN SUPPORT OF MOTION FOR A NEW TRIAL**

Although the remedy provided for by Rule 33 is to be rarely used, it is warranted where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict. United States v. Montilla-Rivera, 115 F.3d 1060 (1ST Cir. 1997); United States v. Andrade, 94 F.3d 9 (1st Cir. 1996); United States v. Indelicato, 611 F.2d 376 (1St Cir. 1979).

The evidence about the April 30, 2001 drug protection activity comes from two sources. The first is Clifford Falla and the second is Sgt. Kevin Hawkins. The jury in this case clearly, rejected all that Falla had to say including his testimony about an April 30 gun possession.

Thus, the court needs to concentrate on whether the testimony of Sgt. Hawkins was so forceful that it establishes, the defendants guilt and "heavily preponderates" in favor of the verdict.

Initially, the Hawkins time frames conflict with McGowan's testimony, since McGowan had the defendant at Centerfolds in the 7 to 8 p.m. time. But

even more importantly it conflicts with the FBI 302 which reports that on April 30, 2001 Clifford Falla arrived at the Marriott Hotel at 8:19 p.m. Thus, the defendant could have provided no protection if he were at the Shell parking lot. between 7 and 8 p.m.

Moreover, these additional points need to be made.

1. Special agent George Rosenberg and other agents were said to have been with Hawkins when he made his observations.

The defendant would subpoena Rosenberg and move for the production of any 302 which exists to corroborate Hawkins.

2) The witness Christopher Chapman and Brian King do not even vaguely fit the descriptions of Robert Nardolillo Jr. and Lawrence Labbadia Jr, both of whom would be called as witnesses at a new trial hearing.

3) Counsel would also call Hawkins to determine why his report contained entries which appear to indicate that Hawkins was relying on other sources for his report about observations he claims he made.

These issues all raise serous questions about Hawkins' credibility and strike at the heart of counts 1 and 2.

Respectfully submitted,
Anthony Gobbi,
By his Attorney,

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600

## CERTIFICATION

I, the undersigned hereby certify that I cause to deliver a true copy of the within to James H. Leavey, A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this ______ day of October, 2005.