UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR05-0047S |
| | ) | |
| ANTHONY GOBBI | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Anthony Gobbi, the Defendant in the above captioned matter, and moves this Honorable Court pursuant to § 3B1.2 of the United States sentencing Guidelines to depart downward from the suggested advisory guideline range in the presentence report based on his limited role in the convicted offenses. Mr. Gobbi submits the attached memorandum in support of this motion.

Respectfully Submitted
Anthony Gobbi,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to AUSA James Leavey, 50 Kennedy Plaza, 8th Floor, Providence 02903, and to USPO Kristin Mattias, 36 Exchange Terrace, Providence 02903 on this the 31st day of March, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR05-0047S |
| | ) | |
| ANTHONY GOBBI | ) | |

---

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

## I. Facts and Travel

The government indicted Mr. Gobbi on five charges. First, that he conspired with Robert Nardolillo and Clifford Falla to possess over five kilograms of cocaine for distribution in 2001. The government charged that Mr. Gobbi participated in two attempted acts of possessing over 5 kilograms of cocaine and possessed a firearm in furtherance of those two attempts. After a full trial the jury found Mr. Gobbi guilty of the conspiracy and participating in the first attempt to possess cocaine, and not guilty of the second attempt to possess cocaine and not guilty of possessing a firearm in either instance.

The indictment included charges from 2001 which stemmed from an FBI investigation into organized crime in Rhode Island. The FBI's main target of interest was Matthew Guglielmetti. The government held off on Mr. Gobbi's indictment for almost four years because of the ongoing investigation of Guglielmetti. That investigation resulted in Guglielmetti's arrest and prosecution, along with two other men, for similar crimes also in 2005. The FBI investigation clearly showed a hierarchy within Guglielmetti's organization. Essentially the chain of command, as pertinent here, went from Guglielmetti down to Nardolillo, and then down further to Falla and Mr. Gobbi. In fact, this Court made such a finding during Nardolillo's sentencing, noting that Nardolillo worked for Guglielmetti, yet was exposed to a higher advisory guideline range for similar offenses. *See* Nardolillo Sent. at 54-64, 67-69, 79-80 (the Court decided Nardolillo's leadership warranted a two

point increase for his role in this offense, while his boss, Guglielmetti did not receive any role adjustment). Based on all of the information from the government's investigation and the trial, Mr. Gobbi participation in these offenses was peripheral and limited.

II. Argument

A defendant is entitled to a downward departure from his advisory guideline range when his role in the offense is minor or minimal in nature. U.S.S.G. § 3B1.2. The defendant must satisfy two elements to qualify for this reduction: First, this defendant must be less culpable than most of the individuals involved; and, Second, this defendant must be less culpable than most individuals involved in similar crimes. *United States v. Mateo-Espejo*, 426 F.3d 508, 512 (1st Cir. 2005). The degree of departure is fact based and turns on the level of knowledge and participation of the individual. *See* U.S.S.G. § 3B1.2, App. nts. 4 & 5. Here, the government has already established a chain of command within Gugliemetti's organization and Mr. Gobbi was, at best, a bit player in that group.

On the first element, Mr. Gobbi is the least culpable of the three people named in this indictment. The Court has already determined that Nardolillo was the leader in this endeavor. Clifford Falla actually carried out the acts of guarding the phantom cocaine and carrying a weapon. Falla did this at the behest of Nardolillo, and Nardollillo paid Falla after the jobs were completed.[1] The jury did not believe Falla's testimony that Mr. Gobbi was involved with the gun or any culpable aspect of the August 6, 2001, offense. The jury's findings clearly support the notion that Mr. Gobbi is the least culpable compared to Nardolillo and Falla. He clearly did not know the full scope of this enterprise and his involvement amounted to directing Falla to a hotel when requested or ordered to do so by Nardolillo or Falla. *Cf. United States v. Ortiz-Santiago*, 211 F.3d 146, 148-49 (1st Cir 2000) (noting that assignment of menial tasks in a conspiracy supported argument for lesser role, though not found by that district court). Trooper Hawkins testimony that Mr. Gobbi provided surveillance

[1]Reinforcing Nardolillo's leadership role, the Court must note that Nardolillo paid out only $1500 for the April 30, 2001, offense but charged the undercover agents $8500 for the service.

outside the hotel is not clear and is contradicted by other evidence.[2] Also, even if the Court believed Mr. Gobbi served as a lookout, that action pales in comparison to Falla's acts of carrying and brandishing his handgun inside the hotel.

Second, Mr. Gobbi is less culpable, on average, than others involved in similar crimes. This sting operation provided a somewhat unusual drug trafficking fact pattern, but the Guglielmetti prosecution serves well for a backdrop. Comparing Mr. Gobbi's involvement against the Guglielmetti case, he still falls to the bottom in terms of his role in the offense. Nardolillo answered to Guglielmetti. Mr. Gobbi answered to Nardolillo. The other men charged with Guglielmetti answered to him <u>and</u>, like Falla, handled the actual protection of the cocaine, making them more culpable than Mr. Gobbi as well.

III. Conclusion

Mr. Gobbi qualifies under U.S.S.G. § 3B1.2 for a downward departure for his minor to minimal role in these offenses. He is less culpable than his co-defendants, Nardolillo and Falla, and also less culpable than most individuals involved with drug trafficking operations. His knowledge of Guglielmetti's and Nardolillo's operations was scant and his participation was on the periphery. For all of these reasons the Court should grant this motion for a downward departure.

---

[2]Trooper Hawkins said he saw Mr. Gobbi drive through the hotel parking lot on April 30, 2001, and then park in a gas station across the street, where he remained for 1 to 1 ½ hours and left at dusk. Trial Trans. II at 89-91. The FBI surveillance tapes from the hotel room showed that Falla arrived in the hotel room at 8:18 pm on April 30, 2001. Trial Trans. III at 24. Historical data, attached, shows that sunset in Providence on April 30, 2001, occurred at 7:43 pm, and that twilight ended at 8:14 pm. U.S. Naval Observatory Astronomical Applications Department (*available at* http://aa.usno.navy.mil/cgi-bin/aa_pap.pl). The known facts do not corroborate Hawkins' testimony.

Respectfully Submitted
Anthony Gobbi,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to AUSA James Leavey, 50 Kennedy Plaza, 8th Floor, Providence 02903, and to USPO Kristin Mattias, 36 Exchange Terrace, Providence 02903 on this the 31st day of Mar, 2006.